UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GERMANIA HERNANDEZ,
    Plaintiff,
v.                                    CASE NO. 8:22-cv-1632-JSM-TGW

MAXIMO ANDUJAR and
ANDUJAR MUSIC GROUP, LLC,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came on for consideration upon the plaintiff's Supplemental Motion for Attorneys' Fees and Expenses (Doc. 52). For the foregoing reasons, I recommend that the motion be granted to the extent that the plaintiff be awarded $51,116.00 in attorneys' fees and $497.00 in court costs.

I.

On March 20, 2024, the court entered a default judgment in favor of the plaintiff and against the defendants on the plaintiff's claims of fraud and civil theft in the amount of $647,606.41 (see Docs. 46, 47). The unrefuted allegations show that the defendants fraudulently induced the plaintiff to give them over $200,000.00 to be a concert producer for a famous Puerto Rican singer, with the expectation that the plaintiff would earn a profit of approximately $650,000.00 from the concert tour (see Docs. 45, 46).

Specifically, the plaintiff presented undisputed evidence that there was no concert tour planned and that the defendants' proposal was merely a ruse to steal from the plaintiff (see Doc. 45).

Thereafter, the plaintiff filed timely a Motion for Order Determining Plaintiff's Entitlement to Attorneys' Fees and Expenses (Doc. 48) under Florida's civil theft statute, Fla. Stat. §772.11. The court granted the Motion for an Order Determining Entitlement, specifying that "[t]he plaintiff is entitled to her reasonable attorney's fees under Fla. Stat. §772.11 because she prevailed on her civil theft claim" (Doc. 49, p. 1).

The plaintiff subsequently filed this Supplemental Motion for Attorneys' Fees and Expenses seeking an award of $61,737.50 in attorneys' fees and $2,752.09 in expenses (Doc. 52). The motion was referred to me.

Although the plaintiff notified the defendants of the motion, neither defendant filed an opposition memorandum (see Doc. 53). Specifically, plaintiff's counsel stated that, after repeated attempts to contact the defendants, "on Wednesday, May 22, 2024, two text responses from [defendant] Andujar Music Group were received but no further communication was received after I explained the purpose of contacting them" (id.). The plaintiff's motion is ripe for consideration.

2

II.

The court found that the plaintiff was entitled to reimbursement of her attorneys' fees under Florida's Civil Theft statute, Fla. Stat. §772.11 (Doc. 49, p. 1). The statute provides that the prevailing plaintiff is entitled to an award of "reasonable attorney's fees and court costs." §772.11(1).

Florida adopted the federal lodestar approach as the foundation for setting reasonable fee awards. Bell v. U.S.B. Acquisition Co., Inc., 734 So.2d 403, 406 (Fla. 1999); Action Sec. Serv., Inc. v. Am. Online, Inc., No. 603-CV-1170-ORL-22DA, 2007 WL 191308 at *3 (M.D. Fla. Jan. 23, 2007), aff'd, 241 Fed. Appx. 619 (11th Cir. 2007) ("In determining the amount of reasonable fees appropriately attributable to the [Florida] civil theft claim, the Court is guided by the familiar lodestar approach.").

The court determines a "lodestar figure" by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate for the services of the prevailing party's attorney. Bell v. U.S.B. Acquisition Co., Inc., supra, 734 So.2d at 406. In this regard,

> [t]he "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." Norman, 836 F.2d at 1303. That burden includes "supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate. Further, fee counsel should have maintained records to show the time spent on the

3

> different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity.... A well-prepared fee petition also would include a summary, grouping the time entries by the nature of the activity or stage of the case." Id. (citations omitted).

Am. Civil Liberties Union of Georgia v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999).

Additionally, fee applicants are required to exercise "billing judgment," which means that they must exclude from their fee applications "excessive, redundant, or otherwise unnecessary [hours]." Id. at 428.

Local Rule 7.01(c)(4) incorporates these principles and requires that a motion for attorney's fees include:

> (A) [each] timekeeper's identity, experience, and qualification[s];
>
> (B) the timekeeper's requested hours;
>
> (C) each task by the timekeeper during those hours;
>
> (D) the timekeeper's requested rate;
>
> (E) lead counsel's verification that counsel charges the rate requested, has reviewed each task, and has removed each charge for a task that is excessive, duplicative, clerical, or otherwise unreasonable;
>
> [and]

4

> (F) evidence showing the reasonableness of the rates based on the prevailing market rate in the division in which the action is filed for similar services by a lawyer of comparable skill, experience, and reputation.

The fee opponent, in turn, has the burden of pointing out with specificity which hours should be deducted. See Am. Civil Liberties Union of Georgia v. Barnes, supra, 168 F.3d at 428. Thus, it is not the court's role to advocate for the fee opponent. See Cent. Fla. Sterilization, LLC v. Synergy Health AST, LLC, No. 6:15-cv-2120-Orl-31TBS, 2017 WL 4465744 at *2 (M.D. Fla. Sept. 20, 2017).

After the lodestar is determined, the court may consider an adjustment for results obtained. Norman v. Housing Authority of the City of Montgomery, 836 F.2d 1292, 1302 (11th Cir. 1988). However, there is a "strong presumption" that the lodestar is a reasonable fee. Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008).

The Eleventh Circuit has cautioned that a "request for attorney's fees should not result in a second major litigation." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). "The essential goal ... is to do rough justice, not to achieve auditing perfection." Fox v. Vice, 563 U.S. 826, 838 (2011).

    A.    <u>Reasonable Hourly Rates</u>.

The lodestar equation requires the court to determine first a

"reasonable" hourly rate for the services of the prevailing party's attorney. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman v. Housing Authority of the City of Montgomery, supra, 836 F.2d at 1299.

Furthermore, "the court … is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Norman v. Housing Authority of the City of Montgomery, supra, 836 F.2d at 1303 (citation omitted); see also Dial HD, Inc. v. ClearOne Communications, 536 Fed. Appx. 927, 930 (11th Cir. 2013).

In this matter, the plaintiff was represented by attorneys Edwin Prado Galarza and Manuel Alejandro Franco, and paralegals L. Stephanie Torres, Fabiola De Leon, Gabriela Figueroa-Cabret, and Kendelyn Rivera Mundo (Docs. 52, p. 2; 52-1, pp. 3-4; 52-2, pp. 7-14).

Attorney Edwin Prado Galarza, who is lead counsel, requests an hourly rate of $350.00 (Doc. 52, p. 2). Galarza has practiced law for 33 years and states that he is an entertainment attorney who has represented several well-known artists and record companies (id., p. 3).

6

The requested rate is clearly reasonable considering counsel's experience and the successful outcome for his client. See Norman v. Housing Authority of the City of Montgomery, supra, 836 F.2d at 1303 ("The court ... is itself an expert ... and may consider its own knowledge and experience concerning reasonable and proper fees."). Furthermore, neither defendant has objected to the hourly rate. Accordingly, I recommend that Galarza be awarded an hourly rate of $350.00.

Co-counsel Manuel Alejandro Franco requests an hourly rate of $250.00 (Doc. 52, p. 3). Franco is a civil litigator who has been in private practice since 2017 (id.). This rate is clearly reasonable considering his experience. Further, the skill Franco demonstrated in this case would have justified an even higher rate. Accordingly, I recommend that Franco be awarded the requested hourly rate of $250.00.

Additionally, four paralegals worked on this case. Counsel requests reimbursement for paralegal L. Stephanie Torres at an hourly rate of $250.00, and an hourly rate of $150.00 for paralegals Fabiola De Leon, Gabriela Figueroa-Cabret, and Kendelyn Rivera Mundo (id., p. 2). These rates are unjustified.

The plaintiff essentially argues that paralegal Torres is entitled to the hourly rate of an attorney because she is admitted to practice in Puerto

7

Rico (id., p. 3). However, plaintiff's counsel states that Torres was "working as a paralegal" on this matter (id., p. 2). Furthermore, Torres's level of skill is not comparable to Franco's and, therefore, she is not entitled to an hourly rate that is the same as Franco's. See Norman v. Housing Authority of the City of Montgomery, supra, 836 F.2d at 1300.

Rather, I recommend an hourly rate of $150.00 for Torres. This is a higher hourly rate than I normally award paralegals, but it is recommended because Torres has a juris doctorate degree and she performed tasks normally done by an attorney, such as initial drafts of the complaint and the motion for default judgment.

Finally, the plaintiff requests an hourly rate of $150.00 for three other paralegals. The work of each of these paralegals is not identified in the time sheets; rather, their work is grouped under the category of "PARALEGAL" (Doc. 52-1, pp. 2-4). I normally award an hourly rate of $100.00 for paralegals. The plaintiff does not show that their work warrants a higher hourly rate. To the contrary, paralegals billed for sending emails and copies of documents, which is akin to non-compensable secretarial work (see id., p. 3).

The plaintiff asserts that an hourly rate of $150.00 is justified because two of the paralegals have significant paralegal experience.

8

However, there is no description of the third paralegal's experience, and the time sheets do not specify the individual contributions of each paralegal to differentiate hourly rates on this basis. Therefore, I recommend that each of these paralegals be awarded an hourly rate of $100.00.

In sum, I recommend that the following hourly rates be applied in this case:

| | |
|---|---|
| Edwin Prado Galarza | $350.00 |
| Manuel Alejandro Franco | $250.00 |
| L. Stephanie Torres | $150.00 |
| Other paralegals | $100.00 |

B.  Reasonableness of the Number of Hours Expended.

The second part of the lodestar equation is the determination of the number of hours reasonably expended on the Florida civil theft claim. The plaintiff requests reimbursement for a total of 205.49 hours of legal work in this case (Doc. 52, p. 4).[1] Specifically, she requests reimbursement for the following legal work: attorney Prado, 117.1 hours; attorney Franco, 16.4

---

[1] This figure comprises legal work on the entire case, including claims that are not the basis for the plaintiff's entitlement to attorneys' fees. However, the plaintiff is entitled to fees for the case as a whole because the claims involve a common core of facts and, thus, the claims are intertwined. See Yellow Pages Photos, Inc. v. Ziplocal, LP, 846 F.3d 1159, 1167 n.3 (11th Cir. 2017) (citation omitted) (When compensable and non-compensable claims "are intertwined and share a 'common core' of facts or a related legal theory, then a reasonable fee is allowed as to all hours expended on [the] claims."). Furthermore, as stated, neither defendant challenges an award of attorneys' fees on this, or any other, basis.

9

hours; paralegal Torres, 58.54 hours; and other paralegals, 13.45 hours (id., p. 4). Plaintiff's counsel includes a summary of the tasks performed and the time spent on those matters (Doc. 52-1, pp. 2-4).

The number of hours appears excessive for a non-complex case that was resolved on a default judgment. However, plaintiff's counsel, implicitly acknowledging this circumstance, explains that,

> [a]lthough procedurally the case may appear simple, the legal research, the factual investigation, hearing preparation, case filings, and jurisdictional hurdles required a substantial amount of time and effort. For instance, this case required investigation into the substantive law of two different jurisdictions: Florida and New Jersey. In addition, substantial research was required to investigate which procedural and substantive rules would apply to this diversity jurisdiction case. Further, the issue regarding which damages were available had to be investigated in detail to respond to this Court's inquiries. Also, the expert witness Dr. Baella had to be briefed on the case in its entirety and his report required thorough review.

(Doc. 52, p. 4).

Furthermore, neither defendant appeared in this case nor filed an opposition to this attorney's fee motion and, therefore, they failed to satisfy their "burden of pointing out with specificity which hours should be deducted." Centex–Rooney Const. Co., Inc. v. Martin County, supra, 725

10

So.2d at 1259; see also Cent. Fla. Sterilization, LLC v. Synergy Health AST, LLC, supra, 2017 WL 4465744 at *2 (treating an attorney's fee motion as unopposed).

On the other hand, the court may award only a "reasonable" attorney's fee. Fla. Stat. §772.11(1). Therefore, in balancing these considerations, it is appropriate to deduct from the fee award time that is patently unreasonable to charge an opposing party.

In this respect, there are numerous multi-hour meetings billed by Galarza, at an hourly rate of $350.00, which lack sufficient descriptions and/or are impermissibly block-billed (see, e.g., Doc. 52-1, 5/31/2023, five hours of "Meetings with attorneys and paralegals for next steps in the lawsuit; Email exchanges with other party's attorneys"; id., 11/30/22, five hours spent "Meeting with client to inform her of the status of the case. Also meeting with Ms. Torres giving instructions and File Motion for Default").

This circumstance warrants a reduction of hours. Thus, the "subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." Norman v. Housing Authority of the City of Montgomery, supra, 836 F.2d at 1303. Furthermore, when an attorney engages in block billing, i.e., lists all the day's tasks in a single time entry without differentiating the

11

time spent on each task, the reasonableness of the time spent on each task is indeterminable. See Ceres Env't Servs., Inc. v. Colonel McCrary Trucking, LLC, 476 Fed. Appx. 198, 203 (11th Cir. 2012). However, due to the defendants' failure to oppose the motion, I recommend only a ten percent reduction of Galarza's hours to account for deficient time records. This results in a reduction of Galarza's hours from 117.1 hours to 105.4 hours.

Accordingly, I recommend that the lodestar be computed as follows:

| Counsel or Staff | Hourly Rate | Recommended Hours | Sum |
| --- | --- | --- | --- |
| Galarza | $350.00 | 105.4 | $36,890.00 |
| Franco | $250.00 | 16.4 | $ 4,100.00 |
| Torres | $150.00 | 58.54 | $ 8,781.00 |
| Other paralegals | $100.00 | 13.45 | $ 1,345.00 |
| **Total Lodestar** | | | $51,116.00 |

The recommended lodestar reflects a reduction of $10,621.50 from the requested amount of $61,737.50.

The last consideration is whether an adjustment of the lodestar is warranted. See Bivins v. Wrap It Up, Inc., supra, 548 F.3d at 1350. As indicated, there is a strong presumption that the lodestar is a reasonable fee. Id. Here, no adjustment of the lodestar is requested, and there is no apparent

basis for one.

### III.

Finally, the plaintiff seeks under Fla. Stat. §772.11(1) reimbursement of expenses totaling $2,752.09 (Doc. 52-1, p. 1; Doc. 52, p. 4). This request comprises the filing fee, service of process, mail and postage, a document translator, and attorney travel expenses (Doc. 52-1, p. 1).

This request is problematic because Fla. Stat. §772.11(1) authorizes recovery of "court costs," not expenses, and "court costs" are typically limited to those costs enumerated in 28 U.S.C. §§1920 and 1921. See Parkes v. Hall, 906 F.2d 658, 659 & n.5 (11th Cir. 1990). Thus, "absent explicit statutory ... authorization for the taxation of expenses ... as costs, federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and §1920." Id. (emphasis added).

The plaintiff has not cited, and the court has not located, a case defining "court costs" under Fla. Stat. §772.11(1). However, federal district courts considering other Florida fee-shifting statutes have held that a solitary statutory reference to "court costs" does not expressly broaden what is otherwise allowable under §1920. See Jablonski v. St. Paul Fire & Marine Ins. Co., No. 2:07-CV-00386, 2010 WL 1417063 at *11 (M.D. Fla. Apr. 7,

2010) ("[C]ourt costs" in Fla. Stat. §624.155 does not expressly expand upon what is otherwise allowable under §1920.); McDonald v. Hunter Warfield, Inc., No. 3:20-CV-971-MMH-LLL, 2022 WL 807438 at *5 (M.D. Fla. Mar. 17, 2022) ("[C]ourt costs" in Fla. Stat. §559.77(2) does not create a substantive right to costs other than those allowed under federal law.); Griffith v. Landry's, Inc., No. 8:14-CV-3213-T-35JSS, 2016 WL 11578768 at *7 (M.D. Fla. Aug. 17, 2016) (Fla. Stat. §448.110(6)(c)(1) "does not specify allowable costs or otherwise explicitly authorize the allowance of additional costs.").

Analogous to these cases, Fla. Stat. §772.11(1) states only that "court costs" are recoverable. There is nothing in the statute explicitly authorizing costs beyond those listed in 28 U.S.C. §1920 and, as indicated, the plaintiff presents no authority to the contrary. See Parkes v. Hall, supra, 906 F.2d at 659; Griffith v. Landry's, Inc., supra, 2016 WL 11578768 at *7; Jablonski v. St. Paul Fire & Marine Ins. Co., supra, 2010 WL 1417063 at *11. Accordingly, I recommend that, under Fla. Stat. §772.11(1) the plaintiff be awarded court costs enumerated in 28 U.S.C. §§1920 and 1921.

In this respect, the $402.00 filing fee and $95.00 for service of summonses are compensable under 28 U.S.C. §1920(1) (Doc. 52-1, p. 1). However, the plaintiff's other expenses are not recoverable under §1920.

14

Specifically, "travel expenses are not taxable costs" under §1920. Jablonski v. St. Paul Fire & Marine Ins. Co., supra, 2010 WL 1417063 at *12.[2]

Furthermore, expenses incurred for a document translator are not recoverable. Although §1920(6) authorizes reimbursement for "court appointed experts," it does not apply to translators of written material. Taniguchi v. Kan Pac. Saipan, Ltd., 566 U.S. 560, 572 (2012). Concomitantly, §1920(6) does not apply to experts hired by a party. Morrison v. Reichhold Chemicals, Inc., 97 F.3d 460, 463 (11th Cir. 1996). Consequently, these other expenses are properly excluded.

I therefore recommend that the plaintiff be awarded the filing fee of $402.00 and $95.00 for service of summonses, for a total of $497.00 in court costs.

## VI.

In sum, based upon legal authority, my review of the case filings and time records, and considering my own experience evaluating fee

---

[2] In all events, travel costs of co-counsel from Miami are generally not a recoverable expense. See Martinez v. Hernando County Sheriff's Office, 579 Fed. Appx. 710, 714 (11th Cir. 2014) ("[A] fee applicant seeking to recover expenses incurred for retaining non-local counsel generally must show a lack of attorneys practicing in that place who are willing and able to handle his claims….").

motions, I recommend that the plaintiff be awarded **$51,116.00** in reasonable attorneys' fees and an award of court costs totaling **$497.00**.

Respectfully submitted,

*/s/ Thomas G. Wilson*
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: DECEMBER 9, 2024.

NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. 636(b)(1)(C). Under 28 U.S.C. 636(b)(1), a party's failure to object to this report's proposed findings and recommendations waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions.